## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## CENTRAL DIVISION

**MICHAEL OTIS ROBERTSON**                                                   **PLAINTIFF**
*ADC #136346*


**v.**                                    **No: 4:26-cv-00311-JM-PSH**


**ADAM CLARK,** *et al.*                                                     **DEFENDANTS**


## ORDER

On March 30, 2026, plaintiff Michael Otis Robertson, an inmate at the Arkansas Division of Correction's Varner Unit, filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. No. 1). He has since filed an *in forma pauperis* application (Doc. No. 3).

Robertson is a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"). The following cases filed by Robertson were dismissed for failure to state a claim before he filed this lawsuit: *See Robertson v. Rodiguez, et al.,* 4:22-cv-00194-JM (E.D. Ark.); *Robertson v. Freeman,* 4:21-cv-00939-BRW (E.D. Ark.); *Robertson v. Turn Key Medical,* 4:21-cv-01066-DPM (E.D. Ark.); and *Robertson v. Sims,* 4:20-cv-01512-JM (E.D. Ark.). The three-strikes provision requires the Court to dismiss a prisoner's *in forma pauperis* action at any time, *sua sponte* or upon a motion of a party, if it determines that the prisoner has

> on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, **_unless the prisoner is under imminent danger of serious physical injury._**

28 U.S.C. § 1915(g) (emphasis added).  The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision.  *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001).  The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury."  *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

The Court has reviewed Robertson's complaint to determine if he meets the imminent danger exception.  Robertson sues Deputy Warden Adam Clark and J. Madden and alleges that they placed him in a dangerous barracks at the Pine Bluff Unit, and he was subsequently attacked and stabbed on January 5, 2025.  Doc. No. 1 at 3. He claims that he is still hurting more than a year later.  *Id.*  Robertson generally alleges that he is in imminent danger of serious physical injury but does not explain how.  *Id.*  He describes no danger at his current unit or any risk he faces from the named defendants at his current unit.  Robertson may only proceed *in forma pauperis* with respect to claims stemming from an imminent danger of serious physical injury.  Accordingly, he may not proceed in this case unless he pays the $405 filing and administrative fees in full.

IT IS THEREFORE ORDERED THAT:

1.      Robertson's motion for leave to proceed *in forma pauperis* (Doc. No. 3) is DENIED.

2.      Robertson must pay the $405.00 filing and administrative fees[1] within 30 days of the date of this order.  Otherwise, the undersigned will recommend this lawsuit be dismissed.

DATED this 21st day of April, 2026.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] The statutory filing fee is $405, which reflects a $55 administrative fee.  The $55 fee does not, however, apply to plaintiffs who are granted *in forma pauperis* status.  *See* District Court Miscellaneous Fee Schedule, No. 14, available at https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. The Court has received no monies towards Pitts' filing fee in this case.